# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ANTONIO M. AVILA, III,**<br><br>Defendant. | Case No. 25-CR-30026-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before this Court on Defendant Antonio M. Avila, III's Motion to Dismiss Indictment (Doc. 22) as violative of the Second Amendment to the United States Constitution. The United States responded in opposition. (Doc. 26). For the reasons discussed below, the Motion to Dismiss Indictment is **DENIED**.

On February 20, 2025, a federal grand jury returned an Indictment charging Avila with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Section 922(g)(1) provides in pertinent part that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm." 18 U.S.C. § 922(g)(1).

On June 2, 2025, Avila filed the instant Motion to Dismiss Indictment (Doc. 22). In his Motion, he argues that § 922(g)(1) violates the rights guaranteed to him by the Second Amendment of the United States Constitution. (Doc. 22, pp. 1–3). Avila argues that, in light of the United States Supreme Court's decisions in *New York

*State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024), the Second Amendment's plain text covers the charge in his Indictment and that the Government cannot meet its burden of proving that Section 922(g)(1) is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms. *Id.* On July 14 2025, the Government filed a Response in opposition. (Doc. 26).

Before delving too deeply into the analysis, this Court notes that Avila cites to the Third Circuit's opinions in *Range v. Attorney General*, 69 F.4th 96, 106 (3d Cir. 2023) (en banc) and in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024) (en banc). (Doc. 22, p. 2). Avila correctly states that the Supreme Court granted certiorari, vacated the judgment, and remanded the case for further proceedings in light of *Rahimi*. *See Garland v. Range*, 144 S. Ct. 2706 (July 2, 2024) (Mem.) (citing *Rahimi*). Although the Third Circuit reached the same result after remand (finding that § 922(g)(1) is unconstitutional), this is not the law of *this* Circuit. *See Range v. Attorney General*, 124 F.4th 218 (3rd Cir. 2024) (en banc). Avila next cites a variety of district court cases, all of which are currently on appeal before the Seventh Circuit. (*See* Doc. 22, pp. 2–3) (citing *United States v. Prince*, No. 1:22-CR-240, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023) (appeal pending, No. 23-3155); *United States v. Griffin*, No. 1:21-CR-693, 2023 WL 8281564 (N.D. Ill. Nov. 30, 2023) (appeal pending, No. 23-3330); *United States v. Taylor*, No. 23-40001-SMY (S.D. Ill. Jan. 22, 2024) (appeal pending, No. 24-1244); *United States v. Cherry*, No. 3:23-30112-SMY (S.D. Ill. Feb. 1, 2024) (appeal pending, No. 24-1322); *United States v. Crisp*, No. 3:23-30006-SMY (S.D. Ill. Feb. 16, 2024) (appeal pending, No. 24-1406); *United States v. Martin*, No. 4:23-

40048-SMY (S.D. Ill. Feb. 22, 2024) (appeal pending, No. 24-1438)). Avila also cites the Seventh Circuit decision in *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023), which declined to address the *Bruen* historical test on the merits, instead remanding the case for further development. *See id.* at 1021–25.

At the outset, the Court notes that Avila does not point to a historical basis for *individualized* assessments and, even if he had, he has not demonstrated that Section 922(g)(1) is unconstitutional as applied to him. As noted above, the Seventh Circuit's decision in *Atkinson* required a party challenging the constitutionality of Section 922(g)(1) to develop a historical record that justified individual assessments. *See* 70 F.4th at 1023; *see also United States v. Gutierrez*, No. 22-2778, 2024 WL 1125080, at *12 (N.D. Ill. Sept. 4, 2024) (applying *Atkinson* in the context of a criminal challenge to Section 922(g)(1)). As Atkinson did not develop this historical basis for individual assessments, the Seventh Circuit found that his argument fell short and remanded the case to develop this record further. *Atkinson*, 70 F.4th at 1023. In a similar vein, Avila fails to develop any historical basis for individual assessment.

Avila's motion is threadbare and contains misstatements of the Supreme Court's holding in *Bruen*. For example, Avila argues that the lack of a distinctly similar historical regulations compels the conclusion that the statute is unconstitutional as applied to him. (Doc. 22, pp. 3–6). However, *Bruen* noted that a historical analogue need not be a "historical twin," but rather a "relatively similar" and "well-established and representative historical analogue" will pass constitutional muster. 597 U.S. at 30; *see Rahimi*, 602 U.S. at 692 ("The law must comport with the principles underlying the Second Amendment, but it need not be a 'dead ringer' or a

'historical twin.'" (citing *Bruen* at 30)). Therefore, the history must not demonstrate a tradition of *permanently* disarming those who are *like* Mr. Avila, but rather simply analogous laws that are relatively similar. Further, Avila misstates *Bruen*'s discussion on historical regulations relating to longstanding societal problems. (Doc. 22, p. 6). Avila states that if the Founders could have passed a particular regulation that would have confronted a longstanding societal problem but declined to do so, the lack of a regulation means that the regulation is unconstitutional. (*Id.*, pp. 5–6). However, *Bruen* made clear that such an absence of regulation merely serves as evidence of the unconstitutionality of such a regulation, not proof of unconstitutionality. 597 U.S. at 26. It is possible that the Founders did not exercise the full extent of the Second Amendment, and thus requiring a historical twin, as Avila's framing of *Bruen* required, would too severely limit the scope of permissible regulations on firearms. *See Rahimi* at 737–40 (Barrett, J., concurring).

Even if that were not the case, this Court has issued various orders on similar Section 922(g)(1) challenges that discussed the history and traditions standard. *See United States v. Ware*, 2023 WL 3568606, at *1 (S.D. Ill. May 19, 2023); *United States v. Dean*, No. 22-cr-30117-SPM (S.D. Ill. 2025) (Doc. 38); *United States v. Bowden*, No. 24-cr-30117 (S.D. Ill.) (Doc. 31). While some of the laws mentioned in the Court's previous history and traditions analysis would certainly fail present-day constitutional scrutiny and may not be worthwhile to factor into any future analysis under *Bruen* in retrospect, the Court finds, as others have before it, that Section 922(g)(1) is part of the historical tradition "that delimits the outer bounds of the right

to keep and bear arms" under the Second Amendment, such that it is not unconstitutional as applied to Avila. *Bruen* at 19.

As stated before, Avila does little to rebut this conclusion. Rather than addressing laws which may in fact be sufficiently analogous to Section 922(g)(1), Avila instead relies on conclusory statements of history. (Doc. 22, p. 4). Surety laws and going armed laws are just two examples of regulations which may be relevant to this historical inquiry yet were not addressed by Avila. *See Rahimi*, 602 U.S. at 693–97. The Supreme Court has previously articulated that the history of these two laws established the principle that "[w]hen an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Id.* at 698.

Avila's attempt to narrow the historical inquiry to only include laws which *permanently* disarmed felons *like* Mr. Avila fails, again, because it misstates the central holding of *Bruen,* that a historical analogue is required, not a historical twin. 597 U.S. at 27–29; *see Rahimi* at 692. This attempt to limit the historical analysis also fails because it misrepresents Section 922(g)(1) as a permanent disarming of felons. While § 922(g)(1) does disarm felons, it does not do so permanently, as the law does contain mechanisms to render the disarmament non-permanent. Importantly, this prohibition does not permanently extend to felons who have received a pardon, have had their record expunged, or who have received a restoration of their civil rights. 18 U.S.C. § 921(a)(20).

The Government cites *to United States v. Gay*, 98 F.4th 843 (7th Cir. 2024), *reh'g denied*, No. 23-2097, 2024 WL 3816648 (7th Cir. Aug. 14, 2024) for the proposition that an as-applied constitutional challenge to § 922(g)(1) is only designed

for those who are law-abiding citizens. (Doc. 26, p. 22 (citing 98 F.4th at 846–47)). In *Gay*, the Defendant had been "convicted of 22 felonies, including aggravated battery of a peace officer and possessing a weapon while in prison." *Id.* at 847. The Seventh Circuit noted that "[i]nstead of contesting § 922(g)(1) through a declaratory-judgment action, as Range did, Gay violated the law in secret and tried to avoid detection. He fled from the police by car and on foot, and flight to avoid prosecution is a crime in most if not all states." *Id.* (citing *United States v. Holden*, 70 F.4th 1015 (7th Cir. 2023)).

    The preceding analysis notwithstanding, Avila has not made a sufficient showing that Section 922(g)(1) would be unconstitutional as applied to him. A court may consider Avila's criminal record in determining whether the defendant "poses a clear threat of physical violence to another." *Rahimi*, 602 U.S. at 698. The Court determines that Avila's criminal history demonstrates such a threat. While Avila insists that "[t]he last felony conviction that may be considered to be of a violent nature is an aggravated battery charge from over 30 years ago," (Doc. 22, p. 4 n.17), the Government's discussion of his criminal history tells a different story. (Doc. 26, pp. 53–54). They note that Avila "has a criminal history that includes multiple felony convictions, including convictions for aggravated battery, burglary, and distributing methamphetamine." (*Id.* (citing Doc. 9; Doc. 22, p. 4 n.17)). They argue that "[t]his criminal record more than supports a finding of dangerousness (even assuming that label is relevant to the § 922(g)(1) constitutionality analysis) as it reflects the risk Defendant poses to public safety, his disregard for the law, and society's inability to trust that he will use a weapon responsibly." (*Id.*, p. 54 (citing *United States v.*

*Bullock*, 632 F.3d 1004, 1016 (7th Cir. 2011); *United States v. Price*, 656 F. Supp. 3d 772 (N.D. Ill. 2023) (Doc. 22, p. 5 n.2*); United States v. Gay*, 98 F.4th 843, 846–47 (7th Cir. 2024))). Thus, there is no colorable argument that Defendant Avila is a "law-abiding citizen" with his criminal history.

While this Court is not willing to say that an as-applied challenge to § 922(g)(1) could *never* be successful, the facts of this case do not cast any doubt on the constitutionality of this prohibition. In this case, neither the underlying felony nor the amount of time that has lapsed since the committing of that felony demonstrates that Section 922(g)(1) as applied to Avila is unconstitutional. Rather, the facts of this case firmly place Avila's prohibition on the possession of firearms within the limits of the Second Amendment. For these reasons, the Court finds that Avila's Section 922(g)(1) charge in the Indictment is constitutional and his Motion to Dismiss the Indictment (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 15, 2025**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
